

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-24-00409-CR
No. 02-24-00412-CR

———————————————

DEMOND MITCHELL, Appellant

V.

THE STATE OF TEXAS

On Appeal from the 485th District Court
Tarrant County, Texas
Trial Court Nos. 1718993, 1718994

Before Sudderth, C.J.; Kerr and Bassel, JJ.
Memorandum Opinion by Justice Bassel

## MEMORANDUM OPINION

### I. Introduction

Appellant Demond Mitchell appeals two cases in which the trial court revoked his deferred-adjudication community supervision and sentenced him to terms of imprisonment. Mitchell's court-appointed appellate counsel has filed a motion to withdraw and a brief in support of that motion, both of which assert that Mitchell's appeals are frivolous. *See Anders v. California*, 386 U.S. 738, 744–45, 87 S. Ct. 1396, 1400 (1967). We agree, grant counsel's motion to withdraw, and affirm the trial court's judgments.

### II. Background

In trial court case number 1718993, Mitchell pleaded guilty to tampering with a governmental record and pleaded true to the habitual-offender notice. The trial court deferred a finding of guilt and placed him on four years' deferred-adjudication community supervision. The trial court also ordered Mitchell to pay court costs and a reimbursement fee. Approximately fifteen months later, the State filed a first amended petition to proceed to adjudication alleging three community-supervision violations.

Meanwhile, in trial court case number 1718994, Mitchell pleaded guilty to fraudulent use or possession of identifying information and pleaded true to the enhancement; the trial court deferred a finding of guilt and placed him on four years' deferred-adjudication community supervision. The trial court also ordered Mitchell to

pay court costs and a reimbursement fee. Again, approximately fifteen months later, the State filed a first amended petition to proceed to adjudication alleging two of the same three community-supervision violations.

The trial court held a hearing on the State's first amended petitions. At the hearing, Mitchell entered pleas of "not true" to each allegation, and after hearing evidence, the trial court made findings as to each allegation as summarized in the following chart:

| | 1718993 | | 1718994 | |
|---|---|---|---|---|
| Allegation | Plea | Finding | Plea | Finding |
| 1. Mitchell failed to report at any time during July 2023 to April 2024. | Not true | True | Not true | True |
| 2. Mitchell failed to provide a urine sample on or about June 29, 2023, as instructed by the supervision officer or the court. | Not true | True | Not true | True |
| 3. Mitchell failed to complete 10 community-service restitution hours each month for the months of May 2023 to April 2024. | Not true | True | | |

After hearing Mitchell's testimony during the sentencing hearing, the trial court adjudicated Mitchell's guilt in each case; revoked his deferred-adjudication community supervision; sentenced him to twenty-five years' confinement on the tampering charge and to two years' confinement on the fraudulent-use charge; and ordered that the remaining court costs and reimbursement fees would "be satisfied with the time that [he had] already served." The trial court ordered the sentences to be served concurrently.

3

The trial court's written judgment adjudicating guilt in the tampering case includes a special finding ordering reparations in the amount of $1,328 but stating that they are to run concurrent with the sentence. *See generally* Tex. Code Crim. Proc. Ann. art. 43.09 (addressing credit for time served); *Singletary v. State*, No. 02-24-00216-CR, 2025 WL 938130, at *1 (Tex. App.—Fort Worth Mar. 27, 2025, no pet.) (mem. op., not designated for publication). Similarly, the judgment adjudicating guilt in the fraudulent-use case includes a special finding ordering reparations in the amount of $50 but stating that they are to run concurrent with the sentence.

### III. *Anders* Discussion

Mitchell's appointed appellate counsel has filed a motion to withdraw and a brief complying with *Anders*, both of which assert that Mitchell's appeals are frivolous because the cases reveal "no grounds that could be argued non-frivolously on appeal." *See* 386 U.S. at 744–45, 87 S. Ct. at 1400. In accordance with *Kelly v. State*, counsel sent Mitchell a copy of the motion to withdraw and the brief; informed him of his right to file a pro se response, to review the record, and to seek discretionary review pro se should this court deny relief; and provided him with a pro se motion to access the appellate record.[1] *See* 436 S.W.3d 313, 319 (Tex. Crim. App. 2014).

Counsel's motion and brief meet the requirements of *Anders* by presenting a professional evaluation of the record showing why there are no arguable grounds for

---

[1]The letter that counsel sent to Mitchell said that it enclosed "the unsigned *Pro Se Motion for Access to the Appellate Record*," but the letter that was filed with this court did not include the form.

relief. *See In re Schulman*, 252 S.W.3d 403, 406–12 (Tex. Crim. App. 2008) (orig. proceeding). This court gave Mitchell the opportunity to file a pro se response to counsel's *Anders* brief, but he did not do so. The State filed a letter in which it agreed with appointed counsel that the appeals are frivolous.

After an appellant's court-appointed attorney files a motion to withdraw and a brief fulfilling the *Anders* requirements, we must independently examine the record for any arguable ground that may be raised on the appellant's behalf. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). Only after examining the record and independently concluding that no arguable ground may be raised can we grant counsel's motion to withdraw. *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988). Here, we find nothing in the record that might arguably support the appeals; we agree with counsel that these appeals are wholly frivolous and without merit. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005); *see also Meza v. State*, 206 S.W.3d 684, 685 n.6 (Tex. Crim. App. 2006).

## IV. Conclusion

We accordingly grant counsel's motion to withdraw and affirm the trial court's judgments.

/s/ Dabney Bassel
Dabney Bassel
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered:  July 24, 2025